NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES GOLF ASSOCIATION, | |
|     Plaintiff, | Civ. No. 09-1848 |
| v. | OPINION & ORDER |
| ISaAC SCORING SYSTEMS, LLC, | |
|     Defendant. | |

THOMPSON, U.S.D.J.,

## INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Default Judgment [7] and the Court's Order to Show Cause [9]. The matter has been decided upon the papers without oral argument. For the reasons explained below, the Motion is DENIED without prejudice and the Court's Order is VACATED.

## BACKGROUND

This case concerns allegations that Defendant, ISaAC Scoring Systems, LLC, has infringed upon Plaintiff's service marks in violation of the Lanham Act and other laws prohibiting unfair competition, misappropriation, and tortious interference. Plaintiff, the United States Golf Association ("USGA"), is the governing body for golf in the United States. Plaintiff developed the USGA Handicap System, a system by which players of differing skill levels are able to compute handicaps that are used to equalize matches. Plaintiff licenses individual golf associations and golf courses to offer the Handicap Index to their members. Plaintiff has not

1

authorized individuals to use the Handicap System to compute the Handicap Index for themselves or for other individuals.  Licensees agree to comply with strict standards and requirements and are subject to periodic audits regarding their compliance with the USGA Handicap System.  Plaintiff also offers the Golf Handicap and Information Network (GHIN), which offers handicap computation services to golf associations.  A golf association need not use GHIN to obtain a USGA license to offer a Handicap Index to their members.

"USGA," "USGA Handicap System," "Handicap Index," and "GHIN" are all protected marks belonging to Plaintiff.

Defendant offers handicap computation services, and has described itself as a "GHIN replacement system" and "your resource for acquiring and maintaining your USGA Handicap."  It also offers a "USGA Handicap Index Card" and claims that it offers "all the benefits of obtaining a USGA Handicap index."  Defendant markets and sells these services through various websites.  However, the USGA has never authorized Defendant to use any of its service marks and has not licensed Defendant to offer a Handicap Index.

In July, 2004, Gregory Ogelthorpe, Defendant's CEO, contacted Plaintiff seeking permission for Defendant to use the USGA Handicap System.  During 2004 and 2006, Oglethorpe and the USGA exchanged a series of phone calls, emails, and letters regarding Defendant's services and how it could market those services without infringing upon any of USGA's protected service marks.  It is unclear to what extent these discussions were successful, but in any event, by late 2007, Plaintiff discovered that Defendant was still infringing upon its service marks.  On April 17, 2009, the Plaintiff sued Defendant for its marketing practices, alleging that Defendant's use of the USGA's service marks constitutes false advertising, service

mark infringement, false designation of origin, unfair competition, misappropriation, and tortious interference.

Defendant never answered the Complaint or entered an appearance. On July 28, the Clerk of the Court entered default against Defendant, and the next day, Plaintiff moved for default judgment. Then, on November 18, this Court—concerned that Defendant might not have any significant contacts with the state of New Jersey—ordered Plaintiff to show cause as to why the Complaint should not be dismissed for lack of personal jurisdiction. Plaintiff responded by producing additional evidence.

## ANALYSIS

I. The Court's Order to Show Cause

District courts have jurisdiction over parties to the extent provided to state courts by state law, and New Jersey law gives courts personal jurisdiction to the furthest extent permitted under the Due Process Clause of the Fourteenth Amendment. *Millier Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004); *Charles Gendler & Co. v. Telecom Equip. Corp.*, 102 N.J. 460 (1986). Under the Due Process Clause, a court can enforce personal jurisdiction over a defendant who is not a resident of the forum state so long as the defendant has "certain minimum contacts with [the forum] state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted).

There are two types of personal jurisdiction permissible under the Fourteenth Amendment—general jurisdiction and specific jurisdiction. "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state. Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the

forum state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (citations omitted). Specific jurisdiction has been more precisely determined to exist when: (1) the defendant purposefully directs its activities at the forum state, (2) the plaintiff's claim relates to at least one of those activities, and (3) asserting jurisdiction would comport with fair play and substantial justice. *Id.* (citations omitted).

Websites present a special problem for questions of personal jurisdiction. By their nature, websites are accessible to anyone who has an internet connection, regardless of where they reside in the United States (or the entire world). Therefore, a company that endeavors to sell something over the internet could be described as directing its sales to all fifty states unless it took actions making it clear that it would not sell to certain individuals. However, the Third Circuit has concluded that a person or business selling something on the internet does not necessarily have the requisite "minimum contacts" with a state simply because that state's residents are able to make purchases off a website:

> [T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant "purposefully availed" itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts.

*Toys 'R' Us, Inc.*, 318 F.3d at 454.

Defendant is a Texas-based LLC. While Defendant's bare operation of a commercial website does not subject it to personal jurisdiction in New Jersey, it has conducted other significant activities. Specifically, Defendant actively sought to obtain permission from Plainitff—a New Jersey-based association—to use its intellectual property. Also, Defendant has resold its services through a New Jersey-based website. Finally, Defendant has sent marketing emails to at least one New Jersey-based entity (the Plaintiff). By specifically directing its

commercial activities to New Jersey-based entities, Defendant has availed itself of the privilege of conducting business in New Jersey and has enjoyed the protection of New Jersey laws. It is therefore consistent with Due Process for this Court to exercise personal jurisdiction.

II. Defendant's Motion for Default Judgment

The Clerk of the Court must enter default against any party that fails to plead or defend itself. Fed. R. Civ. P. 55(a). Thereafter, the other party may move for default judgment against the defaulting party. Fed. R. Civ. P. 55(b). The court may, at its discretion, conduct hearings to establish the truth of any allegation, determine damages, conduct an accounting, or investigate any other matter. *Id.*

The Court finds that Plaintiff has not demonstrated with sufficient precision that it is entitled to Default Judgment and the equitable relief it seeks. Defendant's motion simply recites the various claims made in the Complaint and asserts that "Defendant operates a company that has unfairly and illegally utilized the intellectual property of USGA." More critically, Plaintiff demands attorneys' fees and certain injunctions without explaining why it is entitled to this relief. As it is always within the considered discretion of the Court whether or not to award injunctive relief, it would be appropriate for Plaintiff to give some explanation as to why it believes the Court should grant the various injunctions sought. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392 (2006); *see also Gucci America, Inc. v. Daffy's, Inc.*, 354 F.3d 228, 237 (3d Cir. 2003) ("Although we have said that trademark infringement amounts to irreparable injury as a matter of law, the irreparable injury we referred to was not intended to swallow the remaining prongs of the permanent injunction inquiry.") (internal quotation omitted). Furthermore, the Court notes that the relief requested in Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment differs from the relief requested in Plaintiff's

Proposed Order, so that this Court is unsure precisely what it is that Plaintiff seeks from this Court.

In light of these concerns, the Court asks Plaintiff to file a new motion for default judgment and supporting brief (and supporting evidence, if the evidence already submitted is insufficient). In this brief, Plaintiff should specify (1) those counts in the Complaint upon which it seeks default judgment, (2) the factual basis supporting a finding on each of the elements of each count, (3) the relief Plaintiff seeks, and (4) the legal basis for this relief. Obviously, as Defendant is in default, the allegations in the Complaint that are factual in nature will be deemed true and proven for these purposes. *Comdyne, I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

## CONCLUSION

For the foregoing reasons, it is ORDERED, on this 7th day of December, 2009, that the Court's Order to Show Cause [9] is VACATED; and

It is further ORDERED that Plaintiff's Motion for Default Judgment [7] is DENIED without prejudice; and

It is further ORDERED that Plaintiff submit a second motion for default judgment as explained above.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.