NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES GOLF ASSOCIATION,

    Plaintiff,

v.

ISaAC SCORING SYSTEMS, LLC,

    Defendant

Civ. No. 09-1848

OPINION & ORDER

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court upon Plaintiff's Second Motion for Default Judgment [13]. The Court has decided the motion upon consideration of Plaintiff's written submissions and without oral argument. For the reasons given below, the motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND

This case concerns allegations that Defendant, ISaAC Scoring Systems, LLC, has infringed upon Plaintiff's service marks in violation of the Lanham Act and other laws prohibiting unfair competition, misappropriation, and tortious interference. Plaintiff, the United States Golf Association ("USGA"), is the governing body for golf in the United States. Plaintiff developed the USGA Handicap System, a system by which players of differing skill levels are able to compute handicaps that are used to equalize matches. Plaintiff licenses individual golf associations and golf courses to offer the Handicap Index to their members. Plaintiff has not authorized individuals to use the Handicap System to compute the Handicap Index for

1

themselves or for other individuals.  Licensees agree to comply with strict standards and requirements and are subject to periodic audits regarding their compliance with the USGA Handicap System.  Plaintiff also offers the Golf Handicap and Information Network (GHIN), which offers handicap computation services to golf associations.  A golf association need not use GHIN to obtain a USGA license to offer a Handicap Index to their members.

"USGA," "USGA Handicap System," "Handicap Index," and "GHIN" are all protected marks belonging to Plaintiff.

Defendant offers handicap computation services, and has described itself as a "GHIN replacement system" and "your resource for acquiring and maintaining your USGA Handicap." It also offers a "USGA Handicap Index Card" and claims that it offers "all the benefits of obtaining a USGA Handicap index."  Defendant markets and sells these services through various websites.  However, the USGA has never authorized Defendant to use any of its service marks and has not licensed Defendant to offer a Handicap Index.

In July, 2004, Gregory Ogelthorpe, Defendant's CEO, contacted Plaintiff seeking permission for Defendant to use the USGA Handicap System.  Plaintiff responded, asking Ogelthorpe to submit his request in writing.  Ogelthorpe responded first by telephone and email and then by letter in August 2004.  Plaintiff took no further action until January of 2006, when it received an email that caused it to question whether Defendant's services violated its trademark rights.  Kevin O'Connor of the USGA wrote a letter to Ogelthorpe expressing Plaintiff's concerns, and when Ogelthorpe did not respond, O'Connor sent a second letter in March. Ogelthorpe then contacted O'Connor and Plaintiff by telephone and email, and in response O'Connor sent Ogelthope another letter, dated April 4, 2006.  Ogelthorpe replied by email on May 26, 2006.  It appears that throughout this time, Defendant made efforts to comply with

Plaintiff's requests as to how Defendant could operate its business without infringing upon Plaintiff's intellectual property rights.

Communication between Plaintiff and Defendant apparently ceased after a final June 8, 2006 email from O'Connor to Ogelthorpe requesting additional changes to Defendant's website. In December 2007, O'Connor sent Ogelthorpe a letter that further detailed Defendant's alleged miseuse of USGA's protected marks. Defendant never responded to either of these two final communications. Almost two years later, on October 1, 2009, Plaintiff commenced this lawsuit, alleging false advertising, service mark infringement, false designation of origin, unfair competition, misappropriation, and tortious interference. Defendant has not made an appearance or responded to any of the pleadings filed. Plaintiff now moves for Default Judgment on its claims for false advertising and service mark infringement.

## ANALYSIS

I. Standard of Review

The Clerk of the Court must enter default against any party that fails to plead or defend itself. Fed. R. Civ. P. 55(a). Thereafter, the other party may move for default judgment against the defaulting party. Fed. R. Civ. P. 55(b). The court may, at its discretion, conduct hearings to establish the truth of any allegation, determine damages, conduct an accounting, or investigate any other matter. *Id.* Once default has been established, factual allegations in the Complaint are accepted as true for purposes of determining whether to grant judgment against the defendant. *Comdyne, I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

II. False Advertising

To prove a claim for false advertising under the Lanham Act, a plaintiff must prove 1) false or misleading statements about a product 2) a tendency to deceive the intended audience; 3)

that the deception is material 4) that the advertised goods travelled in interstate commerce; and 5) likely injury. *Johnson & Johnson-Merck Consumer Pharm. Co. v. Rhone-Poulenc Rorer Pharm., Inc.*, 19 F.3d 125, 129 (3d Cir. 1994). The factual statements contained in Plaintiff's complaint and affidavits support a finding on each of these elements. Therefore, judgment will be entered in favor of Plaintiff on Count One of the Complaint.

### III. Service Mark Infringement

To prevail on a claim of trademark or service mark infringement under 15 U.S.C. § 1114(1), a plaintiff must show "(1) the mark is valid and legally protectable, (2) it owns the mark, and (3) the defendant's use of the mark is likely to create confusion concerning the origin of goods or services." *E.T. Browne Drug Co. v. Cococare Prods., Inc.*, 538 F.3d 185, 191 (3d Cir. 2008) (citing *Freedom Card, Inc. v. JPMorgan Chase & Co.,* 432 F.3d 463, 469-70 (3d Cir.2005)). The facts alleged in the Complaint and supported by Plaintiff's affidavits support a finding on these three elements. Therefore, the Court will enter judgment in Plaintiff's favor on its service mark infringement claim.

### IV. Permanent Injunction

When deciding whether or not to grant a permanent injunction, the Court must consider: (1) whether Plaintiff has succeeded on the merits of its case, (2) whether irreparable injury will result if injunctive relief is denied, (3) whether granting an injunction will result in even greater harm, and (4) if a permanent injunction serves the public interest. *Gucci Am., Inc. v. Daffy's Inc.*, 354 F.3d 228, 236-37 (3d Cir. 2003) (quoting *Shields v. Zuccarini,* 254 F.3d 476, 482 (3d Cir. 2001)). Plaintiff's obtaining a default judgment counts as success on the merits for these purposes. Once a trademark violation is established, irreparable injury may be presumed. *See id.* Granting an injunction in this case will not cause even greater injury because the injunction

will be limited in scope to Defendants' commercial activities. Finally, granting an injunction serves the public interest because the public will benefit from stopping any confusion that Defendant's marketing activities have caused.

  V. Attorneys' Fees

The Lanham Act permits the Court to award attorneys' fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). Courts apply this standard by looking at the "totality of the circumstances in each case." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 281 (3d Cir. 2000). For example, an award may be justified if the infringer's conduct was culpable or if the losing party engaged in abusive litigation tactics. *See id.* at 280-82. In this case, the Court concludes that the facts do not justify an award of attorneys' fees. As explained above, Plaintiff and Defendant engaged in what was apparently a good faith dialogue from 2004 to 2006 in an attempt to accommodate their respective positions. The dialogue appears to have ended somewhat abruptly after Defendant failed to reply to a June 2006 email from Kevin O'Connor. Plaintiff made no opportunity to revive the dialogue thereafter until sending Defendant a letter a year and a half later in December 2007. This was Plaintiff's only effort to revive the dialogue before instituting suit in 2009. The fact that Defendant ignored one or two communications does not demonstrate culpable conduct, which is the basis for Plaintiff's claim for attorneys' fees. Since Plaintiff has not shown that this is an "exceptional case," the Court will deny its request for attorneys' fees.

  VI. Plaintiff's Remaining Claims

Plaintiff does not indicate as to whether or not it wishes to proceed on Counts III through VII of its Complaint. Until these claims have been either resolved or withdrawn, the Court cannot enter final judgment. *See* Fed. R. Civ. P. 54(b). Plaintiff is instructed to inform the Court

in writing within the next thirty days as to whether it intends to proceed on its remaining claims or dismiss them.

## CONCLUSION

For the foregoing reasons, it is ORDERED, this 19th day of January, 2010, that Plaintiff's Motion for Default Judgment is GRANTED IN PART; and

It is further ORDERED that this Court finds in favor of Plaintiff and against Defendant on Counts I and II of the Complaint; and

It is further ORDERED that Defendant, ISaAC Scoring Systems, LLC—as well as its partners, associates, agents, servants, employees, and any others acting in concert (collectively "related parties")—are PERMANENTLY ENJOINED from:

1. Using the marks "USGA," "Handicap Index," or "GHIN" in the course of marketing, offering, or selling its handicap calculation services.  By way of example, and not limitation, Defendant and related parties are prohibited from purporting to offer a "USGA Handicap,"  a "USGA Handicap Index," a "USGA Handicap Index Card," or a "USGA Handicap Service."

2. Making any false or misleading references to the USGA that would create the impression that Defendant or related parties are in any way affiliated with or approved by the USGA.  By way of example, and not limitation, Defendant and related parties are prohibited from making claims that they are a resource for acquiring or maintaining a USGA Handicap, that their services comply with the USGA Handicap System, or that they offer a qualified USGA Handicap Index; and

It is further ORDERED that Plaintiff's request for attorneys' fees is DENIED; and

It is further ORDERED that Plaintiff inform this court in writing within 30 days as to whether or not it intends to proceed on any of its remaining claims against Defendant.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.
